WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rick Alton Foley, | No.  CV 13-0721-PHX-SMM (JFM) |
| Plaintiff, | |
| v. | **O R D E R** |
| CSO II Peji, et al., | |
| Defendants. | |

On April 10, 2013, Plaintiff Rick Alton Foley, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In an August 16, 2013 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to comply with Local Rule of Civil Procedure 3.4.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On September 11, 2013, Plaintiff filed his First Amended Complaint.  In an April 16, 2014 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to comply with Local Rule of Civil Procedure 3.4.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

. . . .

On April 22, 2014, Plaintiff filed a "Response" (Doc. 16) to the April 16, 2014 Order.  On May 23, 2014, Plaintiff filed a "Notice and Pleading of Failure to Comply with Order of Extension" (Doc. 18) and a "Third Request for an Extension" (Doc. 19). On June 17, 2014, the Court granted Plaintiff's request for an extension of time (Doc. 20).  On July 18, 2014, Plaintiff filed a Second Amended Complaint (Doc. 22).  Because the Second Amended Complaint also fails to comply with Local Rule of Civil Procedure 3.4, the Court will dismiss the Second Amended Complaint and this action.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must

assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.     Second Amended Complaint**

Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints . . . by incarcerated persons must be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."  The instructions provided with the court-approved civil rights complaint form states that a plaintiff may only allege "**one violation per count**."  (Emphasis in original.)  It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims.

The Court has reviewed Plaintiff's Second Amended Complaint and concludes that it fails to comply with Local Rule of Civil Procedure 3.4.  In his four-count Complaint, Plaintiff sues forty-seven Defendants.  Although his Complaint is divided into four counts, Plaintiff alleges more than four violations of his constitutional rights.  For example, Count One contains twenty-one separately numbered paragraphs and appears to allege multiple acts of retaliation by multiple defendants between November 2010 and April 2014.  Similarly, Count Two contains eleven paragraphs also alleging multiple instances of alleged retaliation.

In addition, Plaintiff's allegations are vague and conclusory, and the Court is unable to ascertain which alleged injuries relate to which of the alleged instances of retaliation.  Once again, the Court cannot meaningfully review Plaintiff's Second Amended Complaint as required by 28 U.S.C. § 1915(A)(a), and, therefore, the Court will dismiss the Second Amended Complaint and this action.

**IV.     Dismissal without Leave to Amend**

Because Plaintiff has failed to comply with Local Rule of Civil Procedure 3.4 in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)     Plaintiff's Second Amended Complaint (Doc. 22) and this action are **dismissed** for failure to comply with Local Rule of Civil Procedure 3.4, and the Clerk of Court must enter judgment accordingly.

(2)     The Clerk of Court must make an entry on the docket stating that the dismissal for failure to comply with Local Rule of Civil Procedure 3.4 may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1    (3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

2  § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of

3  this decision would not be taken in good faith.

4    DATED this 19th day of December, 2014.

Stephen M. McNamee
Senior United States District Judge